quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7150**

WRITER'S EMAIL ADDRESS
**michaelcarlinsky@quinnemanuel.com**

November 20, 2019

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   No. 1:19-cv-10125 (ALC), *Tyson Foods, Inc v. Keystone Foods Holdings Limited, et al.*
      **Initial Response To Plaintiff's Motion By Order To Show Cause For Expedited Summary Judgment**

Dear Judge Carter:

We write on behalf of Defendants Keystone Foods Holdings Limited (n/k/a Beef Holdings Limited) ("Beef Holdings") and Marfrig Global Foods S.A ("Marfrig" and, collectively, "Defendants"), in response to the Order to Show Cause submitted by Tyson Foods, Inc. ("Tyson") yesterday afternoon seeking expedited consideration of Tyson's motion for summary judgment on Counts I and II of its Complaint.

Counts I and II seek declaratory judgment and an order of specific performance requiring Defendants to repurchase the Korea-based operations of the Keystone Foods business (the "Korea Business") that Beef Holdings sold to Tyson last year for more than $2 billion. The Korea Business is a small component ($60 million) of the overall Keystone Foods business. Tyson's request for relief, which was submitted without any prior notice to Defendants and demands that Defendants respond before the end of November (*i.e.*, over the Thanksgiving holiday), is a manufactured emergency that seeks to circumvent this Court's individual practices, wastes judicial and party resources, and flouts reasonable professional collegiality. We respectfully submit that the Court should reject the Order to Show Cause and direct Tyson to proceed by normal motion practice, including the submission of a request for a pre-motion conference, as required by the Court's Individual Practices. This procedure will provide the Court an opportunity to hear from the undersigned as to why Tyson's putative summary-judgment motion, filed before any discovery has been taken (or Defendants have even answered the Complaint), is premature.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON | SALT LAKE CITY
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

As background, Tyson's complaint is the second-filed action in a dispute arising from Marfrig's sale of the Keystone Foods business to Tyson. Beef Holdings filed the first action *against* Tyson on April 15, 2019. *See Keystone Foods Holding Ltd. (n/k/a Beef Holdings Ltd.) v. Tyson Foods, Inc.*, No. 19-cv-03888 (ALC) (S.D.N.Y.) (the "First Filed Case"). In the First Filed Case, Beef Holdings alleges that Tyson materially breached the Share Purchase Agreement ("SPA") governing its acquisition of the Keystone Foods business and engaged in outright fraud in order to expropriate more than $500 million in sales proceeds to which Marfrig is rightly entitled. In this second-filed case, brought on October 31, 2019, Tyson asserts that Beef Holdings breached (1) certain representations and warranties in the SPA and (2) its obligations under Section 5.12 of the SPA to repurchase the Korea Business for $60 million (subject to specified adjustments) after certain specified preconditions are met (the "Repurchase Claims").

Tyson now asks the Court to consider and resolve the fact-intensive Repurchase Claims in the second dispute on an expedited summary-judgment motion before any discovery has been taken. Specifically, Tyson proposes an Order to Show Cause that would require Beef Holdings and Marfrig to oppose Tyson's summary-judgment motion by the end of November, over the Thanksgiving holiday. *See* Proposed Order to Show Cause 2 ("Defendants' opposition papers … shall be … filed with this Court … on or before November __, 2019."), ECF No. 25. Tyson's request is entirely untenable and should be rejected for numerous reasons.

*First*, Tyson's attempt to jam through a summary-judgment motion on the Repurchase Claims by order show cause is a transparent attempt to avoid this Court's requirement that the parties participate in a pre-motion conference prior to submitting motions for summary judgment. *Individual Practices of Andrew L. Carter, Jr.* § 2.A (Nov. 4, 2016). Tyson's concocted explanation for why it must proceed by Order to Show Cause is belied by its own allegations and its torpid approach to litigation so far. Tyson claims that it is suffering "irreparable" harm because it is *losing money* on the Korea Business while it awaits the Court's determination of whether Beef Holdings must repurchase that business. Yet, Tyson is able to specifically calculate the exact dollar amount of its supposedly "irreparable harm" to be $3 million. Mem. 7 (citing Baker Decl. ¶¶ 31–33), ECF No. 20. "[I]t is settled law that when an injury is compensable through money damages there is no irreparable harm." *Stuckey v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 131 F. Supp. 3d 73, 82 (S.D.N.Y. 2015) (quoting *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990)). Not only is Tyson's alleged harm wholly compensable in money damages, but Tyson waited four months to file suit on the Repurchase Claims. Tyson alleges that Beef Holdings breached its obligation to repurchase the Korea business on July 1, 2019, but Tyson did not file this action until October 31, 2019. And after waiting four months to file, Tyson then waited another three weeks before it sought this Order to Show Cause. Delay "indicates an absence of the kind of irreparable harm required to support" emergency relief. *Ins. Co. of the State of Pa. v. Lakeshore Toltest JV, LLC*, 2015 WL 8488579, at *3 (S.D.N.Y. Nov. 30, 2015). "A delay of about three months undercuts a showing of immediate and irreparable injury." *Livery Round Table, Inc. v. N.Y.C. FHV & Limousine Comm'n*, 2018 WL 1890520, at *9 (S.D.N.Y. Apr. 18, 2018). The delay here of nearly five months does the same.

*Second*, Tyson's requested Order to Show Cause should be rejected because it is specifically targeted to cause inconvenience. Tyson proposes an order that demands Defendants' response *within 10 days* and *over the Thanksgiving holiday*. *See* Proposed Order to Show Cause 2, ECF No. 25. Considered together with Tyson's complete lack of irreparable harm, Tyson's

proposed order appears to be little more than a litigation tactic meant to cause Defendants' counsel the inconvenience of giving up scheduled family gatherings over the Thanksgiving holiday to respond to Tyson's invented emergency. Such relief is unjustified and unfair.

*Third*, the need for a pre-motion conference with the Court is particularly acute here because Tyson's motion for summary judgment is plainly premature. Tyson admits that Defendants' obligation to repurchase the Korea Business is only triggered if Tyson has used of "***reasonable best efforts***" to meet certain sales targets. *See* SPA § 5.12 (emphasis added). Defendants dispute that Tyson has made those efforts. Yet, without any discovery, Tyson moves for summary judgment based on a self-serving affidavit of an executive containing no more than conclusory allegations that Tyson has satisfied the "reasonable best efforts" requirement. "It would be inappropriate to grant summary judgment based solely on [an employee]'s self-serving affidavit when [the movant] moved for summary judgment well before discovery in this case is scheduled to close." *Merrill Iron & Steel, Inc. v. Yonkers Contracting Co.*, 2006 WL 2679940, at *7 (S.D.N.Y. Sept. 19, 2006). Here, discovery has not even begun.

Even if Tyson could somehow prove beyond dispute that it has satisfied the "reasonable best efforts" requirement—which is impossible for it to do at this time—Tyson still needs to show that it has not previously committed a material breach of the SPA. Tyson's material breach of the SPA is exactly what Beef Holdings has alleged in the First Filed Case. Thus, to resolve Tyson's motion for summary judgment, the Court would need to also resolve the $500 million in claims in the First Filed Case, which are currently on hold *at Tyson's request*, pending consideration of Tyson's motion to compel arbitration. Resolving this entire dispute on the schedule proposed by Tyson yesterday is obviously untenable. Defendants respectfully submit that a pre-motion conference with the Court may help Tyson to understand the unreasonableness of its proposed course of action.[*]

For all these reasons, the Court should reject Tyson's proposed Order to Show Cause. There is no exigency supporting expedition of Tyson's summary-judgment motion, and Tyson's transparent attempt to circumvent this Court's ordinary pre-motion conference procedures is improper. In all events, Tyson's proposed schedule is unjustified and unfair. Absent any threat of irreparable harm, Tyson should follow the Court's ordinary procedures for a summary-judgment motion by submitting a pre-motion letter and awaiting the Court's guidance to the parties at a pre-motion conference.

---

[*] These are just the factual issues raised by Tyson's motion. Tyson's proposed motion suffers from numerous legal flaws as well. For example, Tyson failed to send Beef Holdings the Estimated Purchase Price for the Korea Business, as it was required to under the SPA, so Beef Holdings could not have repurchased the Korea Business even if its obligation to do so were triggered.

3

Defendants are prepared to file a formal opposition to Tyson's request for expedition on a schedule set by the Court if further response would be helpful or warranted.

Respectfully submitted,

Michael B. Carlinsky

cc:     All counsel of record (via ECF)