**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TYSON FOODS, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>KEYSTONE FOODS HOLDINGS LIMITED (n/k/a BEEF HOLDINGS LIMITED) and MARFRIG GLOBAL FOODS S.A.,<br><br>*Defendants*. | No. 1:19-cv-10125 (ALC)(GWG)<br><br><u>Related Case No.:</u><br>1:19-cv-3888 (ALC)(GWG) |

**RULE 56(d) DECLARATION OF MICHAEL B. CARLINSKY**
**IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**PRE-DISCOVERY MOTION BY ORDER TO SHOW CAUSE SEEKING**
**PARTIAL SUMMARY JUDGMENT ON COUNTS I AND II OF THE COMPLAINT**

I, MICHAEL B. CARLINSKY, declare under penalty of perjury:

1. I am a partner at Quinn Emanuel Urquhart & Sullivan, LLP, counsel for Defendants Keystone Foods Holdings Limited (n/k/a Beef Holdings Limited) ("<u>Beef Holdings</u>") and Marfrig Global Foods S.A. ("<u>Marfrig</u>") in the above-referenced matter. I am in good standing with the New York State Bar and the U.S. District Court for the Southern District of New York. The following statements are based upon my own personal knowledge and the review of relevant records by myself and attorneys under my supervision.

2. As set forth below, Tyson's Pre-Discovery Motion By Order To Show Cause For Partial Summary Judgment On Counts I And II Of The Complaint (the "<u>Motion</u>"), dated November 19, 2019, is premature. Defendants have not had an opportunity to conduct factual discovery into the contentions underlying the Motion. In particular, Defendants have not had the opportunity to seek discovery into the factual contentions concerning whether Tyson satisfied the conditions

precedent to its exercise of its conditional right to sell the Korean Business[1] back to Beef Holdings under SPA Section 5.12.  In addition, Defendants have not had the opportunity to cross-examine the declarants offered in support of Tyson's Motion.

3.      Much of the information and evidence Defendants need to contest Tyson's assertions is in Tyson's exclusive control.  The remaining evidence Defendants require is in the control of nonparties.

4.      Due to the inability to engage in factual discovery prior to the Motion, Defendants are unable to present certain essential facts in opposition to the factual contentions underlying the Motion.

**I.      Discovery Has Not Occurred In This Action Because Tyson Moved For Summary Judgment Less Than Three Weeks After It Filed Its Complaint**

5.      Tyson filed its Complaint in this matter on October 31, 2019.  ECF No. 1.  On November 18, 2019, the Court granted Defendants' request for leave to extend the time to answer Tyson's Complaint.  ECF No. 18.

6.      The next day, on November 19, 2019, Tyson filed the Motion, asserting that there are no disputes of material fact as to Counts I and II of the Complaint and that it is entitled to judgment as a matter of law.  ECF No. 26.

7.      In its Motion, Tyson asks the Court—before the start of any discovery—to issue a declaratory judgment and to order specific performance.  The relief Tyson seeks would require Defendants to pay $60 million to repurchase the Korean Business, even though Tyson's right to sell is subject to, among other things, three highly contextual conditions precedent.  *Id*.  Requests for production are not due until February 15, 2020 (ten days *after* the filing of Defendants'

---

[1]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in Defendants' Memorandum Of Law In Opposition To The Motion.

Opposition to the Motion), fact discovery is not scheduled to be completed until September 30, 2020, and expert discovery is not scheduled to be completed until January 15, 2021.  ECF No. 42 ¶¶ 9(d)–(e), 10(a).

II.     **Defendants Have Been Unable To Obtain Facts Because There Has Been No Discovery Yet In This Action, And Tyson Has Rebuffed Defendants' Pre-Litigation Requests For Relevant Information**

8.      As of the date of this Declaration, Defendants have not had any opportunity to take discovery into the factual issues underlying Tyson's Motion.

9.      Tyson moved for summary judgment before the parties had any opportunity to engage in discovery.  Tyson filed the Motion less than three weeks after filing this lawsuit, and before Defendants had an opportunity to even file an Answer.  To date, not a single document has been exchanged between the parties in discovery and no depositions have been taken.

10.     Tyson also rebuffed Defendants' attempts to obtain information prior to litigation. In response to Tyson's purported exercise of its right to sell the Korean Business back to Beef Holdings, Defendants sent Tyson a letter, dated July 10, 2019, requesting certain information, including: (1) proposals made by Tyson to Customer, or by Customer to Tyson, to increase the Korean Business's sales volume; (2) information on the Korean Business's litigation and the effects of the litigation on the Korean Business since the May 8, 2019 memorandum issued by Tyson; and (3) the opportunity to consult with relevant management personnel of the Korean Business.  A true and correct copy of Defendants' letter to Tyson, dated July 10, 2019, is attached hereto as **Exhibit 1**.

11.     In response to Defendants' request, Tyson initially refused to provide any information without an onerous non-disclosure agreement.

12.     Eventually the parties agreed to a confidentiality agreement that tracked the SPA's confidentiality provisions.  After executing the confidentiality agreement, Tyson provided ten

documents to Marfrig, comprised of: (i) seven emails from Tyson employees providing a brief, secondhand summary of alleged outreach to potential new customers (but not Customer), which failed to address the outcome of these alleges efforts; (ii) two excel spreadsheets reflecting account balances at the Korean Business, which were written in Korean; and (iii) the Korean Business's financial statements for the year ending December 31, 2018.  A true and correct copy of one of the new customer emails is attached hereto as **Exhibit 2**.  Tyson refused to disclose information addressing (1) discussions with Customer regarding restoring sales volume with the Korean Business; (2) the proposals made by Tyson to Customer, or by Customer to Tyson, to increase the Korean Business's sales volume; or (3) information on the Korean Business's litigation and the effects of the litigation on the Korean Business since the May 8, 2019 memorandum issued by Tyson.  Tyson also refused to permit Defendants to consult with relevant management personnel of the Korean Business.

13.     Thus, Defendants have been denied the opportunity to adduce through discovery the evidence necessary to present certain essential facts in opposition to  the Motion both prior to litigation and in the present litigation.

### III.   The Facts Sought Are Reasonably Expected To Create Genuine Issues Of Material Fact

14.     Without discovery,  Defendants are unable to present certain facts essential to their opposition to the Motion, as set forth below.

15.     First and foremost, the Motion is predicated on the assertion that Tyson fulfilled the conditions precedent to exercise its right to sell the Korean Business back to Beef Holdings, including: (1) conducting the business and operations of the Korean Business in good faith and (2) using its reasonable best efforts to cause the Korean Business to achieve sales volume of 16,000

4

metric tons per annum on (3) reasonable commercially viable terms.  Defendants doubt Tyson's factual assertions that it met each of these conditions for several reasons.

16.     *First*, prior to the commencement of this suit, Defendants asked Tyson for information supporting its reasonable best efforts.  Tyson has refused to provide evidence necessary to substantiate its claim that it has used reasonable best efforts to restore the Korean Business's sales volume.  In particular, Tyson refused to provide information regarding its efforts to restore sales volume with Customer, or information regarding why efforts to secure supply contracts with potential other customers were unsuccessful.  This information is entirely within Tyson's control.  Nor has Tyson produced information regarding its good-faith operation of the Korean Business or whether the terms discussed with Customer and other potential customers were reasonable commercially viable terms.

17.     *Second*, the only evidence that Tyson proffers to support its purported satisfaction of the conditions precedent is two conclusory declarations submitted by Tyson employees.  Neither declaration offers detail regarding Tyson's reasonable best efforts in restoring the Korean Business's sales levels, Tyson's good-faith operation of the Korean Business, or Tyson's discussion of reasonable commercially viable terms.  Both devote no more than a few sentences to Tyson's purported reasonable best efforts.  *See* Baker Decl. ¶ 21; Sun Decl. ¶¶ 22, 24.  And neither mentions whether Tyson's negotiations with Customer and other potential customers involved reasonable commercially viable terms.  Perhaps most critically, neither declarant has been subject to cross-examination by Defendants.

18.     *Third*, although Defendants have not had the opportunity to conduct formal discovery and have been rebuffed by Tyson in their pre-litigation efforts to obtain information, the information that Defendants have received to date appears to contradict Tyson's assertion that it

used reasonable best efforts to restore the Korean Business's sales levels.  Tyson asserts that it has achieved an abysmally low 7 percent of the target sales volume for the Korean Business.  Baker Decl. ¶ 23.  Moreover, as detailed in the Declaration of José Eduardo de Oliveira Miron submitted herewith, Customer ███████████████████████████████████████████████████████████ ████████████████████████████████████████████████████  Miron Decl. ¶ 5–7.  Tyson has also apparently ████████████████████████████████████████████████████████████ ███████████████████████████  *Id.* ¶ 9.

19.     *Fourth*, Tyson contends that, despite its reasonable best efforts to restore the Korean Business's sales levels, other customers have not made up for Customer's lost business. *See* Mem. 7, ECF No. 26.  But the sales volume documents that Tyson has provided suggest that other customers were prepared to replace Customer's sales volume.  *See, e.g.*, Ex. 2 ███████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████  Tyson proffers no evidence to explain why it failed to consummate contracts with other customers. Discovery on this topic is needed to evaluate Tyson's efforts with respect to the Korean Business.

20.     Based on the foregoing, Defendants reasonably expect that discovery into (1) Tyson's operation of the Korean Business, (2) efforts to restore the Korean Business to the target sales levels, and (3) terms discussed with Customer and other potential customers will create genuine issues of material fact.

## IV.     The Specific Facts Sought And How Defendants Will Obtain Them

21.     To be able to present facts essential to their opposition, Defendants intend to use the normal discovery process available to every litigant (*e.g.*, requests for production of documents, requests for interrogatories, requests for admissions, depositions) to seek at least the following information:

a.      Tyson's documents and communications exchanged with Customer;

b.      Tyson's internal documents, communications, analyses, and projections related to Customer's business and consideration of accommodations that the Korean Business could make for Customer;

c.      Tyson's documents and communications exchanged with other existing clients of the Korean Business and Tyson and other potential clients to replace Customer's business;

d.      Tyson's internal documents, communications, analyses, and projections related to other existing clients of the Korean Business and Tyson and other potential clients and consideration of accommodations that the Korean Business could make for those clients and potential clients;

e.      Tyson's analysis and internal assessment of what terms would constitute reasonable commercially viable terms;

f.      Tyson's marketing and promotion of the Korean Business;

g.      Tyson's advertising for the Korean Business and any market research performed related to the Korean Business; and

h.      Whether Tyson considered employing outside marketing, advertising, or research firms to assist its attempt to restore the Korean Business's sales volume.

22.     Each of these categories of documents (and others that may be revealed to Defendants during the course of discovery) are reasonably expected to create genuine issues of material fact, as discussed above.

23.     Because Defendants have not yet had the opportunity to engage in any discovery—including the opportunity to cross-examine the declarants whose declarations Tyson has proffered

as the only evidence to support Tyson's Motion—denial of Tyson's summary judgment motion is warranted pending the normal-course discovery available to every litigant that Defendants seek here.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on February 5, 2020.

By: _____

Michael B. Carlinsky