UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/2/20

TYSON FOODS, INC.,

*Plaintiff,*

v.

Case No. 1:19-cv-10125(ALC)
(GWG)

KEYSTONE FOODS HOLDINGS LIMITED (n/k/a
BEEF HOLDINGS LIMITED) and MARFRIG
GLOBAL FOODS S.A.,

## ~~[PROPOSED]~~ STIPULATION AND PROTECTIVE ORDER

WHEREAS, disclosure and discovery in the above-captioned action may call for the production or disclosure of trade secret or other proprietary or confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c), other private or competitively sensitive information, and/or personally identifiable information for which protection from public disclosure and from use for any purpose other than prosecuting and defending the above-captioned action is warranted; and

WHEREAS, the Parties have agreed, by their undersigned attorneys, to set forth procedures for, and rules governing, the use of Discovery Material;

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, as follows.

## I.   DEFINITIONS

1.1   **Action** means the above-captioned action and any and all cases consolidated or coordinated with it.

1.2     Party means any party to the Action, including all of its officers, directors, and employees.

1.3     Non-Party means any natural person or entity that is not a named party to the Action.

1.4     Discovery Material means all items or information, regardless of the medium or manner generated, stored, or maintained, including, among other things, documents, testimony, interrogatory responses, transcripts, depositions and deposition exhibits, responses to requests to admit, recorded or graphic matter, electronically stored information, tangible things, and/or other information produced, given, exchanged by, or obtained by a Party from any other Party or Non-Party in discovery in this Action.

1.5     Confidential Material means any Discovery Material that a Producing Party (as defined below) has, subject to the provisions of this Order, designated as "Confidential," based on the Producing Party's reasonable and good-faith belief that the Discovery Material constitutes or reveals:

> (a)     Confidential trade secrets or proprietary business information;

> (b)     Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

> (c)     Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in competitive harm to the disclosing Party;

> (d)     Sensitive, non-public personal, client, or customer information concerning individuals or other entities, including but not limited to information that would be considered personally identifiable information under any applicable law.  Confidential Material includes

- 2 -

information as to which applicable law requires the equivalent of "Confidential" treatment or other protection from unauthorized disclosure as set forth in this Order.

1.6     Privileged Material means Discovery Material protected from disclosure under the attorney-client privilege, attorney work-product doctrine, United States or foreign bank disclosure laws or regulations, and/or any other applicable United States or foreign statute, law, regulation, privilege, or immunity from disclosure.

1.7     Highly Confidential Material means that any Producing Party may, subject to the provisions of this Order, designate any Discovery Material as "Highly Confidential" if the Producing Party reasonably and in good faith believes the Discovery Material contains current trade secrets or other information that the party reasonably believes the unauthorized disclosure of which would result in imminent competitive, commercial, or financial harm to the Producing Party or its personnel, clients, or customers.

1.8     Producing Party means any Party or Non-Party that produces Discovery Material in this Action.

1.9     Receiving Party means any Party or Non-Party that receives Discovery Material from a Producing Party.

1.10    Designating Party means any Party or Non-Party that designates Discovery Material produced by itself or any other Producing Party as "Confidential" or "Highly Confidential."

1.11    Protected Material means any Discovery Material that is designated as "Confidential" or "Highly Confidential," provided, however, that "Protected Material" does not include information that is publicly available or that becomes publicly available other than as a result of a breach of this Order or any other confidentiality agreement or undertaking.

- 3 -

1.12     Outside Counsel means attorneys, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract staff), who are not employees of a Party but who have been retained to represent or advise a Party in connection with this Action.

1.13     In-House Counsel means attorneys and other personnel employed by a Party to perform or support legal functions, to whom disclosure of Discovery Material is reasonably necessary in connection with this Action.

1.14     Counsel (without qualifier) means Outside Counsel and In-House Counsel.

1.15     Expert and/or Consultant means a person with specialized knowledge or experience in a matter pertinent to this Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or a consultant in this Action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this Action.

1.16     Professional Vendors means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

## II.     SCOPE

2.1     The protections conferred by this Order and the limitations on the use of information obtained during the course of discovery in this matter as set forth in this Order cover not only Discovery Material (as defined above), but also any information copied or extracted therefrom, including all copies, excerpts, summaries, or compilations thereof, as well as testimony,

- 4 -

conversations, or presentations by Parties or counsel in settings that might reveal Protected Material. However, except as set forth in Section 11.5, this Order shall not be construed to cause any Counsel to produce, return, destroy, and/or sequester their own attorney work product, or the work product of their co-counsel, created in anticipation of or in connection with this Action. This Order does not govern the use of Protected Material at trial; in the event this Action goes to trial the Parties shall work with the Court to develop a process to address any Protected Material a Party reasonably believes should not become part of the public record (such as Protected Material that includes unredacted personally identifiable information).

## III.   DURATION

3.1     The confidentiality obligations imposed by this Order shall remain in effect until the Designating Party agrees otherwise in writing or this Court orders otherwise.

## IV.   DESIGNATING PROTECTED MATERIAL

4.1     Manner and Timing of Designations: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)     For information in non-native documentary form (including transcripts of depositions taken in other proceedings), that the Producing Party affix the legend "Confidential" or "Highly Confidential" on the document. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential." After the inspecting Party has identified the documents it wants

copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "Confidential" or "Highly Confidential" legend to each page that contains Protected Material.

(b)     For deposition transcripts and/or testimony in this Action's other pretrial or trial proceedings, that the Designating Party designate any portion of the testimony as "Confidential" or "Highly Confidential" in writing on or before the later of (i) thirty (30) calendar days after receipt of the final transcript, or (ii) the date by which any review by the witness and statement of changes to the transcript are to be completed under Fed. R. Civ. P. 30(e). Only those portions of the testimony that are designated for protection in accordance with the preceding sentence shall be Protected Material under the provisions of this Order. The entire testimony shall be deemed to have been designated Highly Confidential until the time within which the transcript may be designated has elapsed. If testimony is not designated within the prescribed time period, then such testimony shall not be deemed Confidential or Highly Confidential except as ordered by the Court or as provided in Section 4.2 (Inadvertent Failures to Designate). If all or a part of a videotaped deposition is designated as "Confidential" or "Highly Confidential," the DVD or other storage media, plus any container, shall be so labeled. If there is a dispute arising from the confidentiality designation of testimony given in deposition or in other pretrial or trial proceedings, the parties shall meet and confer in an attempt to resolve the dispute.

(c)     For information produced in electronic, audio, or video format, and for any other tangible items, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on the item itself or exterior of the container or containers in which the information or item is stored, and/or in the electronic file name, in any suitable and

- 6 -

readily viewable manner. Whenever a Receiving Party to whom electronically stored discovery material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall mark the hard copy by affixing the designation "Confidential" or "Highly Confidential" to each page of such document. When possible, in order to minimize the likelihood of inadvertent disclosure of confidential information for any information transmitted by electronic means, the Producing Party shall make a good-faith effort to place the appropriate confidentiality designation in the subject of the email conveying the confidential information or on the title of the digital document or media through which it is conveyed or otherwise notify the Receiving Party of the fact that confidential information is being conveyed. A party may designate information produced by a Non-Party as "Confidential" or "Highly Confidential" to the extent appropriate, by notifying all other Parties of the designation within 30 days after the production of information by the Non-Party.

(d)     For documents produced in native format, that the Producing Party include the confidentiality designation "Confidential" or "Highly Confidential" in the metadata produced for such documents and on any placeholder page.

(e)     For interrogatory answers and responses to requests to admit, and the information contained therein, that the Producing Party affix the legend "Confidential" or "Highly Confidential" in a prominent place on each page of such document prior to service or production.

(f)     For reports created by an Expert or Consultant relying on or incorporating Protected Material in whole or in part, that the Party responsible for its creation include the confidentiality designation "Confidential" or "Highly Confidential" on the report.

4.2     Inadvertent Failures to Designate: If a Producing Party discovers that it produced material that was not designated as Protected Material or that it produced material that was

- 7 -

designated as Protected Material but had designated that Protected Material in the incorrect category of Protected Material, the Producing Party may promptly notify all Receiving Parties, in writing, of the error and identify (by production number or Bates number) the affected material and its new designation or re-designation.  Thereafter, the material so designated or re-designated shall be treated as Protected Material in conformity with the new designation or re-designation. Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the material to each Receiving Party reflecting the change in designation.  Each Receiving Party shall make reasonable efforts timely following correction of a designation to ensure that the material is treated in accordance with the provisions of this Order (i.e., to delete and replace the incorrectly designated material, and all copies thereof, with the newly designated material and to destroy the incorrectly designated material).  To the extent such information may have been disclosed to anyone not authorized to receive Confidential or Highly Confidential Discovery Material under the terms of this Order, the Receiving Party shall make reasonable efforts to retrieve the Discovery Material promptly and to avoid any further disclosure.  If corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not waive the Producing Party's right to secure protection under this Order for such material.

4.3     In the event that more than one Designating Party designates the same Protected Material with different levels of treatment or confidentiality, all copies of the Protected Material shall by treated as having the highest level of confidentiality designated by any Designating Party pending any challenge to the confidentiality designation as provided for in Section 5.

4.4     When any Party receives a production from a Non-Party in response to a subpoena served by the Party, that Party shall deliver a copy of that production to all other Parties within five (5) business days of the Party's receipt of the production from the Non-Party.

US_Active\114129718\V-3

## V.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1    Timing of Challenges:  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Civil Case Management Plan and Scheduling Order, ECF No. 42, or any superseding scheduling order.

5.2    Meet and Confer: If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practical, including for example, by production number, and by providing a basis for the challenge.  The objecting Party and the Designating Party shall, within ten (10) business days after service of the written objections, meet and confer concerning the objection, unless otherwise agreed.   The Parties shall meet and confer regarding any challenge to confidentiality designations before raising those disputes with the Court.

5.3    Judicial Intervention:  If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Section 5.2, above, the Party challenging the designation may seek relief promptly from the Court in accordance with its rules and procedures.  Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.  In the event the Court rules that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within then (10) business days of the ruling.

5.4    The timeframes set forth in this Section V may be modified by mutual agreement of the Parties without application to the Court, so long as the modifications would not cause

US_Active\114129718\V-3

deadlines in the Civil Case Management Plan And Scheduling Order, ECF No. 42, or any superseding scheduling order to require modification.

## VI.   ACCESS TO AND USE OF DISCOVERY MATERIAL

6.1    Subject to any other written agreement among or between Producing Parties and/or Receiving Parties, a Receiving Party may access or use Discovery Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to this Action. Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, any purpose related to any other investigation or proceeding, or evaluation or prosecution of any potential claims or defenses not asserted in the Complaint, ECF No. 1, or Answer, ECF No. 36, or any superseding pleading filed in this Action. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Following the termination of this Action, each Receiving Party must comply with the provisions of Section 9, below.

6.2    The recipient of any Protected Material shall maintain such material in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient under all applicable laws to safeguard against unauthorized or inadvertent disclosure of such material to persons or entities not authorized under this Order. Protected Material shall not be copied, reproduced, extracted, or abstracted, except to the extent that such copying, reproduction, extraction, or abstraction is reasonably necessary for the conduct of this Action. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Order and labeled in the same manner as the designated material on which they are

- 10 -

based. To the extent Protected Material is ESI or is converted to ESI by a Receiving Party, it shall be stored and transmitted only in fully encrypted form as set forth in the ESI Protocol.

6.3     Disclosure of Confidential Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Confidential" may be disclosed by a Receiving Party only to the following persons:

(a)     the Receiving Party's Counsel to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)     In-House Counsel, and, to the extent that such disclosure is reasonably necessary for the Action, current officers, directors, or employees of each Receiving Party who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(c)     Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this Action (including but not limited to other litigations and other work in their respective fields);

(d)     the Court and its personnel, subject to the requirements of Section 8, below;

(e)     special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

US_Active\114129718\V-3

(f)      court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

(g)      the author, addressees, or recipients of the document, or any other natural person who, reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata, provided, however, that (i) this disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (ii) the person is not permitted to retain copies of the Protected Material after the witness is examined regarding the Protected Material; and (iii) the person is explicitly informed by the Outside Counsel that discloses the Protected Material to that person that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order;

(h)      a witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in the Action not otherwise authorized to view the Protected Material in question, during that witness' testimony at a deposition, hearing, or trial in the Action, or in preparation for the same, provided that (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (ii) the witness is not permitted to retain the Protected Material after the witnesses is examined regarding the Protected Material; (iii) the disclosing Party's Outside Counsel advises the witness, in advance of any disclosure, that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for

the purposes of enforcing this Protective Order; and (iv) the disclosing Party's Outside Counsel maintains a record that he or she has so advised the witness;

(i)     relevant employees of any insurer to a Party to the extent that such disclosure is reasonably necessary for the participation of that Party in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(j)     any other person agreed to by the Designating Party in writing; and

(k)     any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 13 below.

Any disclosure permitted by this section may be made only to the extent reasonably necessary to prosecute or defend this Action.

6.4     Disclosure of Highly Confidential Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "Highly Confidential" may be disclosed by a Receiving Party only to the following persons:

(a)     the Receiving Party's Outside Counsel to whom it is reasonably necessary to disclose the information in connection with this Action;

(b)     Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), provided that Counsel, in good faith, requires their assistance in connection with this Action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this Action (including but not limited to other litigations and other work in their respective fields);

(c)      the Court and its personnel, subject to the requirements of Section 8, below;

(d)      special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound by Protective Order" (Exhibit A);

(e)      court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this Action;

(f)      the author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified in the document or its accompanying metadata, provided, however, that (i) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (ii) the person is not permitted to retain the Protected Material after the witnesses is examined regarding the Protected Material; (iii) the person is explicitly informed by the disclosing Party's Outside Counsel that this Protective Order forbids him or her to disclose the Protected Material except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order; and (iv) the person signs  the "Agreement To Be Bound By Protective Order" (Exhibit A);

(g)      relevant employees of any insurer to a Party to the extent that such disclosure is reasonably necessary for the defense of that Party in this Action and who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(h)      any other person agreed to by the Designating Party in writing; and

- 14 -

(i)      any other person to whom the Court compels disclosure of the Highly Confidential Material or to whom disclosure is required by law, subject to the requirements of Section 13 below.

Any disclosure permitted by this section may be made only to the extent reasonably necessary to prosecute or defend this Action.

6.5      Retention of Exhibit A:  Counsel for the Party that obtains the signed "Agreement To Be Bound By Protective Order" (Exhibit A), as required above, shall retain them for six (6) months following the final termination of this Action, including any appeals, and shall make them available to other Parties or the Court upon good cause shown.

6.6      Retention of Protected Material: Unless otherwise agreed to by the Producing Party in writing or ordered by the Court, persons described in Sections 6.3 (g), (h), and (j), who have been shown Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Confidential Material was disclosed.  Persons described in Sections 6.4 (f), (g), and (i) who have been shown Highly Confidential Material shall not retain copies thereof longer than reasonably necessary in light of the purpose for which the Highly Confidential Material was disclosed.

## VII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7.1      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

- 15 -

(d) request such person or persons to execute the "Agreement To Be Bound By Protective Order" (Exhibit A). *This paragraph does not apply to the Court.*

## VIII.   FILING PROTECTED MATERIAL

8.1     In the event that Counsel for any Party determines to file or submit in writing to the Clerk of Court's office or file on ECF any Protected Material that contains information satisfying any of the five categories of "sensitive information" or six categories of information requiring caution under the Southern District of New York's ECF Privacy Policy, or any papers containing or making reference to the substance of such material or information, such documents or portions thereof containing or making reference to such material or information shall be filed in redacted form or under seal in accordance with the rules of the Court.  In the event that Counsel for any Party determines to file or submit in writing to the Clerk of Court's office or file on ECF any Protected Material that contains information not satisfying any of the five categories of "sensitive information" or six categories of information requiring caution under the Southern District of New York's ECF Privacy Policy, Counsel shall apply to the Court for permission to file the relevant Protected Material (or portions thereof) under seal or in redacted form, explaining why the presumption of public access to judicial documents either does not apply or is overcome by countervailing factors.

8.2     Filing under seal shall be without prejudice to any Party's right to argue to the Court that such document is not Confidential Material or Highly Confidential Material and need not be preserved under seal.

8.3     Presence Of Certain Persons During Designated Deposition Testimony: When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated.

- 16 -

8.4     Use Of Discovery Material In Open Court:  Designated Material under this Order, and all information contained therein or derived from, may be used or offered into evidence by any Party at trial of this Action or any hearing held in open court, provided that: (a) prior to the use of any Designated Material at trial or any hearing, counsel for the Party intending to use or offer into evidence the Designated Material shall meet and confer in good faith with the Producing Person, together with any other Party who has expressed interest in participating in such meet and confer, to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any Party, in accordance with the provisions of the Federal Rules and the Federal Rules of Evidence, and (b) if the Parties are unable to resolve a dispute related to such Designated Material, reasonable advance notice shall be given to permit the Producing Person to request additional protections or relief from the Court.

## IX.     FINAL DISPOSITION

9.1     In the event that: (i) all Parties to the Action reach a settlement resolving all of the then pending claims among them; or (ii) any court enters an order resolving all of the then pending claims among the Parties, except as provided below, the provisions of this Stipulated Protective Order restricting the use of "Confidential" and "Highly Confidential" information shall continue to be binding unless otherwise agreed or ordered by the Court.  Upon entry of final judgment either by reason of settlement or court order, each Receiving Party shall undertake commercially reasonable efforts to prevent anyone acting on its behalf from accessing, reviewing, copying, summarizing, or making any other use of a Producing Party's Discovery Material, including but not limited to directing the Receiving Party's discovery vendor(s) to take data offline or to take other steps to prevent access to the Discovery Material.

9.2     Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this Action, including any appeals, each Receiving Party shall undertake commercially reasonable efforts to return to the Producing Party all Protected Material or, at the option of the Receiving Party, to destroy all Protected Material.

9.3     If a Receiving Party takes the position that it cannot comply with the return or destruction provisions of this section within the 60-day destruction period, and that it must instead retain documents for a longer period of time pursuant to the "[e]xcept as provided by law or other regulatory authority" provision of this section, then it must, in its certification, (i) state the law or other regulatory authority it believes requires it to retain those documents, and (ii) describe the documents it intends to retain pursuant to that law or regulatory authority.

9.4     Notwithstanding anything in this Section, as to those materials designated as Confidential or Highly Confidential that constitute Counsel's work product, and pleadings, motion papers, deposition transcripts, and exhibits thereto, legal memoranda, and correspondence that were served in this Action, or filed with this Court, Counsel may retain such documents, even if such materials contain Confidential or Highly Confidential Material, if such Counsel otherwise comply with this Order with respect to such retained material, including the encrypted transmission and storage requirements of the ESI Protocol. Any such archival copies that have been designated Confidential or Highly Confidential remain subject to this Order and the encrypted transmission and storage requirements of the ESI Protocol until the Producing Party agrees otherwise in writing or this Court orders otherwise.

9.5     This Order shall survive the termination of this Action, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of this Action. No

part of the restrictions imposed by this Order may be waived or terminated, except by written

stipulation executed by Counsel for each Designating Party or by an Order of the Court for good

cause shown. *9.6. Section IX does not bind the Court.*

## X.   A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

10.1   Nothing in this Order shall be construed to limit in any way any Producing Party's,

Receiving Party's, or any other person's use of its own documents, including documents obtained

independently and lawfully from sources other than a Producing Party, nor shall it affect any

Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior

designation with respect to its own Confidential Material or Highly Confidential Material.

## XI.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1   When a Producing Party gives notice to Receiving Parties that certain inadvertently

produced material is subject to a claim of privilege or other protection, the obligations of the

Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and S.D.N.Y.

Local Civil Rule 26.2.   This provision is not intended to modify whatever procedure may be

established in an e-discovery order that provides for production without prior privilege review.

Pursuant to Federal Rule of Evidence 502(d) and (e) and the ESI Protocol agreed to between the

Parties in this case, the Parties agree that the inadvertent disclosure of a communication or

information covered by the attorney-client privilege or work-product protection shall not waive

the privilege or protection.

11.2   In order to claw back Privileged Material that was produced inadvertently, the

Producing Party must provide notice in writing to the Receiving Party specifying the production

number or Bates number of the Discovery Material it wishes to claw back, and the basis of the claim that it is Privileged Material.

11.3   Upon notice that a Producing Party wishes to claw back Discovery Material protected as Privileged Material that was produced inadvertently, the Receiving Party shall promptly undertake commercially reasonable efforts to return the Discovery Material to the Producing Party and destroy all summaries or copies of the Discovery material, shall provide to the Producing Party's Counsel confirmation in writing that all such information and copies of information have been returned or destroyed, and shall not use such items for any purpose until further order of the Court.

11.4   In all events, such return, destruction, and certification must occur within ten (10) business days of receipt of the request, unless the Receiving Party provides notice of its intent to challenge the assertion of a claim of protection under Fed. R. Civ. P. 26(b)(5) (the "Challenge Notice"), in which event the Receiving Party may retain no more copies (the "Retained Copies") of the disclosed material than are sufficient to prosecute its challenge to the assertion of protection. Having provided a Challenge Notice, the Receiving Party must raise a challenge with the Court within thirty (30) days of that Challenge Notice, or otherwise return or destroy the Retained Copies within that period.   Moreover, in the event a Challenge Notice is provided, the Receiving Party shall make no use of the Discovery Material subject to the request for return other than in connection with the Receiving Party's prosecution of its challenge to the assertion of privilege, until the challenge is resolved.   However, for good cause shown the Receiving Party may request from the Producing Party an extension of the deadline for the return or destruction of Retained Copies of no longer than thirty (30) days, and a request for such an extension shall not be unreasonably denied by the Producing Party.

- 20 -

11.5   For the avoidance of doubt, nothing in this paragraph shall be construed as restricting the right of any Party to challenge a claim of privilege at any time permissible under the Federal Rules of Civil Procedure and other relevant laws after return or destruction of the Retained Copies.

11.6   Within ten (10) business days of the notification that reasonable efforts have been taken to return or destroy the Privileged Material, the Producing Party shall produce a privilege log with respect to the Privileged Material. The return of any Discovery Material to the Producing Party shall not in any way preclude the Receiving Party from moving the Court for a ruling that the disclosed information is not privileged or that such privilege has been waived; however, the Receiving Party may not assert as a basis for the relief it seeks the fact or circumstance that such privileged documents have already been produced. The fact that information was produced shall not be used in any manner as evidence in support of any such alleged waiver. Alleged Privileged Material shall remain protected against disclosure and use during the pendency of any dispute over its status.

11.7   If, during a deposition, a Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains Privileged Material, it may, at its sole election, (a) allow the document to be used in the deposition without waiver of its claim of privilege or other protection or (b) instruct the witness not to answer questions concerning the document pending a prompt resolution of any disagreement concerning the document's privileged or work-product-protected status. If the Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties shall sequester all copies of the purportedly privileged or work-product-protected document. Immediately following the deposition, the Parties will commence the procedure outlined in the preceding paragraphs to

- 21 -

address the claim of privilege or other protection, including the notice requirement set forth in Section 11.1. Until the dispute is resolved, all Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Highly Confidential Material. If any Party instructs the witness not to answer questions concerning the document, the Parties will then cooperate in promptly submitting the issue of the document's status to the Court. If the document is ultimately determined not to be privileged or subject to other protection, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given an opportunity to depose the witness about the document within 30 calendar days or such other time period that may be agreed to by Outside Counsel.

11.8    Pursuant to Fed. R. Evid. 502(d), if a Party at any time notifies any other Party that it, for any reason, disclosed documents, testimony, information, and/or things that are protected as Privileged Material, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure alone, pursuant to Rule 502(d), shall not be deemed a waiver—in the Action or in any other proceeding, including in federal or state proceedings—of any applicable privilege or protection.

## XII.   ATTORNEY RENDERING ADVICE

12.1    Nothing in this Order will bar or otherwise restrict an attorney from rendering advice to his or her client or from relying upon or generally referring to Protected Material in rendering such advice provided, however, that, in rendering such advice or in otherwise communicating with his or her client, the attorney shall not reveal or disclose the contents of Protected Material if such disclosure is not otherwise permitted under this Order.

- 22 -

**XIII.**      **LEGAL PROCESS**

13.1    If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof, that seeks disclosure of any information or items designated in this Action as "Confidential" or "Highly Confidential," the Receiving Party must notify, to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Designating Party, in writing (by electronic mail and overnight courier, if possible), and shall provide the Producing Party with an opportunity to object to the production of such materials.

13.2    The notice shall include with that notice a copy of the discovery request, subpoena, order, or other form of legal process as soon as reasonably practicable and in any event no later than five (5) business days after receipt unless production is required earlier, in which case the notice must be made in time for the Designating Party to take steps as set forth below.

13.3    To the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Receiving Party shall not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier.  In connection with any production of Confidential or Highly Confidential Material subject to this Order, the Receiving Party shall request

correspondingly confidential or highly confidential treatment for the Confidential or Highly Confidential Material.

13.4    The purpose of imposing these duties is, to the extent consistent with the rules, requirements, or requests of any relevant governmental or self-regulatory organization, or otherwise permitted by law, to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued.

13.5    The Designating Party shall bear the burdens and the expenses of seeking protection in that matter or proceeding of its Protected Material.

13.6    Nothing in these provisions should be construed as authorizing, requiring, or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

13.7    In the event that Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body, or other person or entity, such Discovery Material shall continue to be treated in this Action in accordance with any designation as Protected Material.

## XIV.   NON-PARTIES

14.1    Any Party, in seeking discovery from Non-Parties in connection with this Action, shall provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her, or its rights herein.  If a Non-Party provides discovery to any Party in connection with this Action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party.  Under such circumstances, the Non-Party

- 24 -

shall have the same rights and obligations under the Order with respect to designating material as Protected Material set forth in this Order for the Parties to this Action. Any Non-Party producing Discovery Material or giving deposition testimony in this Action may avail herself, himself, or itself of the provisions of this Protective Order available to "Parties" for her, his, or its testimony and Discovery Material by executing Exhibit A to this Order and informing the Party that served the subpoena of the same.

## XV.   NOTICES

15.1   All notices required by this Order must be provided by email to Outside Counsel of record for each Party, and all notices subsequent to the termination of the Action are to be made by email and U.S. mail to a Party's Outside Counsel and the office of the Party's general counsel. If applicable, notices to a Non-Party will be in writing. Any of the notice requirements herein may be waived in whole or in part, but only in writing by Counsel for the Designating Party.

## XVI.   AMENDMENT OF ORDER

16.1   This Stipulated Protective Order is without prejudice to the right of any Party to seek further or additional protection of information for which the protection of this Stipulated Protective Order is not believed by any Party to be adequate, and nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause shown, in the form of a written Amended Stipulated Protective Order signed by each Party's Outside Counsel and filed with the Court for approval. Nor shall anything herein preclude any Party or Non-Party from seeking additional or different protections on a case-by-case basis, including, without limitation, an order that certain information may not be discovered at all. The Court retains the right to allow disclosure of any subject or "Confidential" Discovery Material covered by this Stipulated Protective Order, and to modify or vacate this Order, at any time in the interest of justice.

US_Active\114129718\V-3

## XVII. MISCELLANEOUS

17.1    Right to Assert Other Objections:  By stipulating to the entry of this Order, no Producing Party waives any right it otherwise might have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Producing Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

17.2    No Modification of Privileges:  Except as provided, nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work-product doctrine, the joint defense privilege, and any other applicable privilege or reason for non-disclosure with respect to trade secrets or other confidential information to the extent such privilege or protection exists under applicable law.

17.3    Additional Parties:  In the event that additional parties join or are joined in this litigation, neither they nor their counsel, or the experts or consultants retained to assist their counsel shall have access to Protected Information until the newly joined party, its counsel, its experts, and its consultants have executed and filed with the Court their agreement to be fully bound by this Protective Order by executing Exhibit A.

17.4    Severability:  To the extent any provision of this Order is determined to be illegal or otherwise unenforceable, such determination shall not affect the enforceability of the remaining terms of this Order.

IT IS SO ORDERED.

DATED: _March 2, 2020_

GABRIEL W. GORENSTEIN, U.S.M.J.

APPROVED AS TO FORM:

- 26 -

By:  _s/ Sandra D. Hauser_

Sandra D. Hauser
Douglas W. Henkin
Justin N. Kattan
Ulyana Bardyn
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
Tel:  (212) 768-6700
Fax: (212) 768-6800
sandra.hauser@dentons.com
douglas.henkin@dentons.com
justin.kattan@dentons.com
ulyana.bardyn@dentons.com

*Attorneys for Plaintiff*

By:  _s/ Michael B. Carlinsky_

Michael B. Carlinsky
Blair A. Adams
Evan Hess
Jaclyn M. Palmerson
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Tel:  (212) 849-7000
Fax:  (212) 849-7100
michaelcarlinsky@quinnemanuel.com
blairadams@quinnemanuel.com
evanhess@quinnemanuel.com
jaclynpalmerson@quinnemanuel.com

*Attorneys for Defendants*

- 27 -

## EXHIBIT A

### Agreement to Be Bound By Protective Order

I, _____, have been informed that on

_____, the U.S. District Court for the Southern District of New York

entered a protective order in the consolidated litigation captioned *Tyson Foods, Inc. v. Keystone*

*Foods Holdings Limited (n/k/a Beef Holdings Limited) and Marfrig Global Foods S.A.*, No. 1:19-

cv-10125 (ALC) (GWG).  I have read the protective order, I agree to abide by the obligations of

the protective order as they apply to me, and I voluntarily submit to the jurisdiction of the U.S.

District Court for the Southern District of New York for purposes of any proceeding related to the

protective order, including my receipt or review of information that has been designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."


Dated: _____     By: _____

                                   Printed Name:

                                   _____