```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                :
TYSON FOODS, INC.,
                                                                :
                    Plaintiff,                                       ORDER
                                                                :
         -v.-
                                                                :     19 Civ. 10125 (ALC) (GWG)

KEYSTONE FOODS HOLDINGS LIMITED, et al. :

                    Defendant.                                  :
---------------------------------------------------------------x
```

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

    The Court is in receipt of the parties' letters (Docket ## 60 and 62) regarding two discovery disputes over plaintiff's responses — or, more precisely, lack of responses — to defendants' discovery requests. We address each dispute separately.

    I. Discovery related to the Korean Business

    As part of the sale of what the parties refer to as "the Korean Business," the parties entered into a contract that stated the plaintiff could require one of the defendants to buy the Korean Business for a specified amount if certain conditions were met. See Docket # 60 at 2. Plaintiff states that the conditions have been met and has moved for summary judgment on the issue. Defendants contend that the conditions have not been met and seek responses to one interrogatory and thirteen document requests to prove their defense. Plaintiff refuses to provide responses to those requests.

    Plaintiff insists that it is not seeking to "stay" discovery. Instead, it argues that the parties' contract somehow prohibits discovery and that Rule 26 also prohibits it. We reject both arguments. Plaintiff has pointed to no provision of the contract that could be rationally read to address the issue of what discovery would be available to a party in the event of a contractual dispute. As for Rule 26, plaintiff argues that the requests fail to "satisfy" that rule but do not even state what language of that rule it thinks governs. To the extent that plaintiff meant to argue that the requests are not "relevant," that argument is rejected as the requests are obviously relevant to the disputed issues around the purchase of the Korean business, including what constitutes "reasonable commercially viable terms" and "reasonable best efforts" under the contract, and whether plaintiff engaged in such efforts. The fact that plaintiff has moved for summary judgment on this question simply does not affect its obligation to comply with Rule 26. For what it is worth, we note that defendants' brief in opposition to the summary judgment motion has explained that they require discovery to address the motion and that explanation is entirely plausible. See Docket # 43 at 14-17.

II. Discovery related to affirmative defenses

Defendants assert as a defense that plaintiff materially breached the contract, thereby excusing any breach alleged by plaintiff to have been committed by defendants. See Docket # 60 at 4. To support this defense, defendants seek responses to three document requests. Id. Plaintiff argues that these requests "are a pretext to obtain discovery that Defendants would not be entitled to in arbitration and are not reasonably calculated to lead to admissible evidence in this litigation," referencing another action between the parties where plaintiff has moved to compel arbitration. Docket # 62 at 2. But notwithstanding plaintiff's arguments in the summary judgment briefing seeking to eliminate the material breach defense (see Docket # 43 at 19-24; Docket # 53 at 6-10), the defense remains. Thus, plaintiff must respond to this discovery inasmuch as the document requests are plainly "relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1). If plaintiff thinks it has a basis for moving for a stay of discovery as to material breach, it is free to do so. But no motion has been made and the Court notes that the filing and pendency of such a motion will not affect plaintiff's obligation to comply with Rule 26.

III. Conclusion

Plaintiff's objections to defendants' interrogatories and discovery requests are rejected. Plaintiff shall respond to those requests within 14 days without regard to the objections made in its letter. The parties may extend this deadline by mutual agreement. Any further dispute regarding the plaintiff's response may be raised in a letter to the Court following a discussion between the parties and consistent with the requirements of paragraph 2.A of the Court's Individual Practices.

Dated: June 4, 2020
 New York, New York

SO ORDERED.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge