USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/30/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | |
|---|---|
| TYSON FOODS, INC., | : |
| Plaintiff, | : |
| -against- | : 1:19-cv-010125 (ALC) |
| | : ORDER |
| KEYSTONE FOODS HOLDINGS, LIMITED, et al, | : |
| Defendants. | : |

------------------------------------------------------------x

**ANDREW L. CARTER, JR., United States District Judge:**

The Court considers both Plaintiff, Tyson Foods, Inc.'s request (ECF No. 30), and Defendants, Keystone Foods Limited's (n/k/a/ Beef Holdings Limited) and Marfrig Global Foods S.A.'s request (ECF No. 48) for sealing several documents or portions of documents filed in support of Tyson's motion for partial summary judgment. All sealing requests are unopposed. For the reasons that follow, Plaintiff's motion to seal is GRANTED and Defendants' motion is DENIED in part and GRANTED in part.

## BACKGROUND

"There is a common-law and First Amendment right of public access to judicial documents." *Valassis Communications, Inc. v. News Corp.*, No. 17-cv-7378, 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). "[A]n item is a 'judicial document' if it is '"relevant to the performance of the judicial function and useful in the judicial process."'" *United States v. Siler*, No. 15-CR-93,

1

2016 WL 1572993, at *3 (S.D.N.Y. Apr. 14, 2016) (quoting *Lugosch*, 435 F.3d at 119) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")).

> The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal. First, a court must determine whether the presumption of access attaches. A presumption of access attaches to any item that constitutes a "judicial document"—*i.e.,* an "item ... relevant to the performance of the judicial function and useful in the judicial process." Second, if the court determines that the item to be sealed is a judicial document, the court must then determine the weight of the presumption of access. "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." Finally, after determining the weight of the presumption of access, the court must "balance competing considerations against it." "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure."

*Saxton Intern Ltd. v. Reserve Intern. Liquidity Fund, Ltd.*, No. 09 Civ. 782, 2009 WL 2365246, at *2 (S.D.N.Y. July 30, 2009) (quoting *Lugosch*, 435 at 119–20) (internal citations omitted).

"[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to preserve that interest. Broad and general findings by the trial court, however, are not sufficient to justify closure." *Lugosch*, 435 F.3d at 120 (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)) (internal citations omitted).

"The party seeking to place the judicial documents under seal bears the burden of overcoming the presumption of public access." *Rogers v. Henry*, No. 16-cv-5271, 2017 WL 5495805, at *5 (E.D.N.Y. Sept. 12, 2017) (collecting cases).

## DISCUSSION

In this matter, Tyson acquired Keystone/Beef Holdings from Marfrig pursuant to a Share Purchase Agreement. Beef Holdings commenced this action against Tyson for breaches

2

of representations and warranties in the Agreement and Section 5.12 of the Agreement to repurchase a portion of the Keystone/Beef Holdings business ("the Korean Business"), in the event certain preconditions are met. Pre-discovery, Tyson moved for partial summary judgment.

## I. Plaintiff's Requests for Sealing

Tyson asks that it be permitted to file two documents under seal, both exhibits to a Declaration submitted in support of Tyson's motion for partial summary judgment. (ECF No. 30). Tyson states that these documents both contain confidential and sensitive business information. Exhibit E includes details of the Korean Business's operations including "customer lists, research, innovation efforts and financial information." (*Id.*) Exhibit F also contains "customer information, including the Korean Business's sales over the Sales Measurement Period broken down by month, customer and item." (*Id.*)

Tyson argues there is no public access concern because the exhibits serve to support the statements of Declarants, upon which the court can rely without needing to reference the underlying, protected documents. (*Id.*) Additionally, Tyson argues that its request is narrowly tailored as it does not seek to redact information from its declaration, motion papers, or statement of undisputed facts. (*Id.*)

Exhibit E contains financial income statements, forecasts, and projections for the Korean Business. It also contains details regarding an incident in 2017, where patrons at the restaurants of one of the Korean Business's customer became ill. The declaration to which the exhibit is attached mentions this incident. (ECF No. 27 at ¶13). The Exhibit, however, discloses the identity of the customer, who Tyson alleges, "accounted for approximately 90% of the Korean Business's sales." (*Id.* at ¶ 12).

Exhibit E also provides various production details and metrics of the Korean Business and a list of its other customers as of 2017. Finally, the Exhibit summarizes research and development efforts by the Business from 2008 through 2014.

Exhibit F summarizes the Korean Business's customer information, including their identities and purchases.

All of these documents "fall[ ] into categories commonly sealed[:] those containing trade secrets, confidential research and development information, marketing plans, revenue information, pricing information, and the like." *Hypnotic Hats, Ltd. v. Wintermantel Enterprises, LLC*, 335 F.Supp.3d 566, 600 (S.D.N.Y. Sept. 28, 2018) (quoting *Saint-Jean v. Emigrant Mortgage Co.*, No. 11-cv-2122, 2016 WL 11430775, at *4 (E.D.N.Y. May 24, 2016) (internal quotation marks and citation omitted). Non-public data of this nature "is sensitive and potentially damaging if shared with competitors." *New York v. Actavis, PLC*, No. 14 Civ. 74732014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014).

The information pertinent to the court's resolution of the partial summary judgment has been provided through other documents submitted by Tyson, and thus, the risk of access appear minimal, while the potential confidentiality concerns are high.

Given that it would be impracticable to redact these exhibits, the motion to seal with respect to these exhibits is GRANTED in full.

## II. Defendants' Requests for Sealing

Defendants seek to seal one full document and portions of four other documents. First, Defendants seek to file certain portions of José Eduardo Oliveira Miron's declaration under seal. (Exhibit A). Miron is the CEO of Marfrig and the former CFO of Keystone. Second, Defendants request to file under seal certain portions of their memorandum of law (Exhibit B). Third,

4

Defendants request to file under seal certain portions of their counterstatement of material facts. (Exhibit C). The fourth document sought to be filed under seal is Exhibit 2 of the Declaration of Defendants' attorney, Michael B. Carlinksy (Exhibit D). Finally, Defendants ask that portions of the Carlinksy Declaration be sealed as well (Exhibit E). (ECF No. 48).

Defendants argue that all Exhibits need to be sealed because they contain confidential business information of Tyson and its commercial counterparties. Commercial information in Exhibit E, Defendants assert, was provided to Defendants pursuant to a confidentiality agreement.

According to Defendants, Exhibits A, B, C, and E concern the same content, so should be sealed for the same reasons. Exhibit A, the proposed redactions from the Miron declaration, concerns Marfrig's discussions with a large customer for which the Korean Business was the primary supplier. The declaration does not reveal the identity of the Customer. It summarizes, in very general terms, the discussions Marfrig and the Customer had regarding the sale and future operations of the Korean Business as well as the content of conversations between Tyson and Customer. There appears to be very little discussion of commercial strategies that might place the non-party Customer here at a disadvantage.

The redactions here are from declarations, a memorandum of law, and statement of material facts. The weight of presumption "is quite" high with respects to these documents, all filed in support of an opposition to a dispositive motion. *See Oliver Wayman, Inc. v. Eielson*, 282 F.Supp.3d 684, 705 (S.D.N.Y. 2017).

Despite its proper tailoring of the proposed redactions, Defendants have not met their burden. Defendants have not made a specific showing as to why the seemingly general content in these redacted sections would cause the parties or non-party Customer harm if made public.

"[T]he fact that business documents are secret or that their disclosure might result in adverse publicity does not automatically warrant" closure. *In re Parmalat Securities Litg.*, 258 F.R.D. 236, 244 (S.D.N.Y. June 1, 2009). "The party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Id.*

Defendants' request to seal Exhibits A, B, C, and E is DENIED.

Exhibit D is comprised of emails providing updates on the Korean Business's key accounts. The document contains specific financial and production volume figures implicating the privacy interests of not only the Korean Business, but also its customers. Even when filed in support of opposing a dispositive motion, the weight of presumption for an underlying exhibit, as here, is less than that afforded to statements of material facts and memoranda of law and their supporting declarations and affidavits. *See Oliver Wyman, Inc.*, 282 F. Supp. at 705.

Given the specificity of the information in these emails and the internal analysis contained therein, I find sealing to be appropriate here. The request to seal Exhibit D is GRANTED.

## CONCLUSION

Tyson's request for sealing (ECF No. 30) is GRANTED. Defendants' requests for sealing are GRANTED in part and DENIED in part. This resolves ECF No. 30 and 48.

**SO ORDERED.**

Dated: September 30, 2020
      New York, New York

                                    **ANDREW L. CARTER, JR.**
                                    **United States District Judge**