USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: \_\_3/31/2022\_\_\_\_\_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**TYSON FOODS, INC.,**

                      **Plaintiff,**

-against-

**KEYSTONE FOODS HOLDINGS LIMITED (N/K/A BEEF HOLDINGS LIMITED) and MARFRIG GLOBAL FOODS S.A.,**

                      **Defendants.**

**1:19-cv-10125 (ALC)**
**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Before the Court is Plaintiff Tyson Foods, Inc.'s ("Tyson" or "Plaintiff") Motion to Strike Defendants Keystone Foods Holdings Limited's (n/k/a Beef Holdings Limited) and Marfrig Global Foods, S.A.'s (collectively, "Beef Holdings" or "Defendants") Seventh Affirmative Defense. ECF No. 107. For the reasons that follow, Plaintiff's motion to strike is DENIED.

**BACKGROUND**

This case involves a share purchase agreement ("SPA") by which Plaintiff acquired Defendants' poultry and fish business. Under the SPA, Plaintiff may seek reimbursement from Defendants after closing based on certain adjustments to the purchase price ("Purchase Price Adjustments" or "PPAs"). On October 31, 2019, Tyson brought the instant, second-filed action, asserting against Beef Holdings claims for breach of contract, declaratory judgment, specific performance, and breach of representations and warranties. ECF No. 1. On December 12, 2019, Defendants served their answer, which included an affirmative defense that Plaintiff materially breached the PPA provisions in the SPA ("Seventh Affirmative Defense"). ECF No. 36 at 68. On August 30, 2021, Plaintiff filed an amended complaint and Defendants accordingly filed an amended answer on November 2, 2021. ECF Nos. 144, 147. The amended answer includes the

1

relevant affirmative defense, the former Seventh Affirmative Defense, as the Fifth Affirmative Defense. ECF No. 147 at 77.

On September 30, 2020, in the related, first-filed action brought by Beef Holdings, the Court granted Plaintiff's motion to compel arbitration or dismiss, referring to KPMG for arbitration Beef Holdings' PPA-related claims, dismissing the remaining claims, and staying that action pending the arbitration. *See Keystone Foods Holdings Ltd. (n/k/a Beef Holdings Ltd.) v. Tyson Foods, Inc*, No. 19-cv-3888; *Keystone Food Holdings Ltd. v. Tyson Foods, Inc*., 492 F. Supp. 3d 134 (S.D.N.Y. 2020). On December 8, 2020, Plaintiff filed the instant motion to strike, arguing that in light of the Court's order compelling arbitration in the first-filed action, the affirmative defense should be stricken.

## STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored and will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp*., 744 F.2d 935, 939 (2d Cir. 1984) (internal quotation marks and citations omitted), *overruled on other grounds by Salcer v. Envicon Equities Corp*., 478 U.S. 1015 (1986). The test for striking an affirmative defense is three-pronged: "(1) there must be no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense." *Colonial Funding Network v. Epazz, Inc*., 252 F.Supp.3d 274, 288 (S.D.N.Y. 2017) (internal quotation marks and citations omitted). In determining whether to grant the motion to

strike, the Court will "deem the non-moving party's well-pleaded facts to be admitted, draw all reasonable inferences in the pleader's favor, and resolve all doubts in favor of denying the motion to strike." *Diesel Props S.r.L. v. Greystone Bus. Credit II LLC*, No. 07-cv-9580 (HB), 2008 WL 4833001, at *4 (S.D.N.Y. Nov. 5, 2008).

## DISCUSSION

This Court has jurisdiction over the material breach defense in this matter, notwithstanding the arbitration regarding the PPA calculations. KPMG's authority is limited. As I ruled in the first-filed action: "Section 2.4.3 is a narrow arbitration clause. There is no indication that the parties intended to submit to arbitration disputes of *any* nature or character. Rather, the parties intended KPMG to review and resolve only 'disputed items or amounts for the purpose of calculating the Purchase Price.'" *Keystone Food Holdings Ltd. v. Tyson Foods, Inc.*, 492 F. Supp. 3d 134, 144 (S.D.N.Y. 2020) (internal quotation marks and citations omitted). The determination of whether Plaintiff materially breached the SPA involves a fact-intensive balancing test. "Whether a failure to perform constitutes a 'material breach' turns on several factors, such as [1] the absolute and relative magnitude of default, [2] its effect on the contract's purpose, [3] willfulness, and [4] the degree to which the injured party had benefitted under the contract." *Process Am., Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 136 (2d Cir. 2016). The issue of whether Tyson materially breached the SPA will be determined before this Court.

Additionally, Rule 12(f) requires that movant Tyson file the motion to strike "within 21 days after being served with the pleading," otherwise, "the court [may] act on its own." Fed. R. Civ. P. 12(f). The answer and affirmative defense was filed on December 12, 2019. Plaintiff filed its motion to strike almost a year later. The Court declines to exercise its discretion to strike the Seventh Affirmative Defense after the motion deadline has passed.

## CONCLUSION

For the reasons above, Plaintiff's motion to strike is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No.107.

**SO ORDERED.**

**Dated: March 31, 2022**
    **New York, New York**

                                        **ANDREW L. CARTER, JR.**
                                        **United States District Judge**