**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

February 6, 2024

WRITER'S DIRECT DIAL NO.
(212) 849-7615

<u>VIA ECF</u>

WRITER'S EMAIL ADDRESS
blairadams@quinnemanuel.com

The Honorable Andrew L. Carter, Jr., U.S.D.J.
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   No. 1:19-cv-10125 (ALC), *Tyson Foods, Inc. v. Keystone Foods Holdings Limited, et al.*
Request for Pre-Motion Conference Regarding Defendants' Motion to Strike

Dear Judge Carter:

    We write as counsel to Defendants Keystone Foods Holdings Limited (n/k/a Beef Holdings Limited) and Marfrig Global Foods S.A. to request a pre-motion conference addressing Defendants' anticipated motion to strike the Declaration of Churl Kim, dated May 16, 2022 (the "<u>Kim Declaration</u>"). Ex. 1 (TYSON_00243188). Tyson relies heavily on the Kim Declaration in support of its Motion for Partial Summary Judgment.[1] ECF No. 227.

    A declaration used in support of a motion for summary judgment "must be made on personal knowledge" and "show" that the "declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The Kim Declaration fails both requirements. Defendants intend to move to strike the Kim Declaration pursuant to Rule 56(c)(4) of the Federal Rules of Civil Procedure on the basis that (1) it does not show that the declarant is competent to testify on the matters stated therein, given that Tyson induced Kim to sign the declaration by promising him he would not have to testify at trial, and (2) it is not made on personal knowledge. The Federal Rules forbid Tyson from hiding behind a sham declaration produced solely for purposes of summary judgment.

    *First*, the Kim Declaration must be stricken in its entirety because Kim has made it clear that he will not testify at trial. A summary judgment declarant is required to make an "implicit or explicit showing" that he is "prepared to testify in a manner consistent with" his declaration. *Santos v. Murdock*, 243 F.3d 681, 684 (2d Cir. 2001). Kim has made the opposite showing. Concerned about the weighty "implications of providing a declaration," Kim originally refused to provide one. Ex. 2 (TYSON_00244516). Before eventually agreeing to move forward with a declaration, ▓▓▓▓▓▓▓ asked for confirmation from Tyson "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

---

[1]   The Kim Declaration was submitted to the Court by Tyson at ECF No. 238-45, as Exhibit 48 to its Motion for Partial Summary Judgment. Capitalized terms not defined herein are defined in Defendants' Opposition to Tyson's Motion for Partial Summary Judgment, filed contemporaneously herewith.

Ex. 3 (TYSON_00244538) at 538 (emphasis added). Tyson induced Kim to sign the declaration only by ███████████████████████████████. *See, e.g.*, Ex. 4 (TYSON_00244562) ███████████████████████████████ Ex. 5 (Luckcuck Tr.) at 319:4–9 ███████████████████████████████.

Unsurprisingly based on this history, the Kim Declaration omits the customary statement that ███████████████████████████████—a statement that appears in *every other* fact declaration that Tyson has filed. *See, e.g.*, ECF No. 27 (Baker Decl.) ¶ 3; ECF No. 28 (Sun Decl.) ¶ 3. This was no accident—rather, ███████████████████████████████. *Compare* Ex. 3 (TYSON_00244538) at 539 ¶ 3 (original draft), *with* Ex. 1 (TYSON_00243188) at 188 ¶ 3 (filed declaration); *see also* Ex. 6 ¶ 3 (redline between Ex. 1 and Ex. 3]). It is clear that Kim was willing to provide a declaration only on the condition that ███████████████████████████████. That is the opposite of what Rule 56 requires. This unwillingness to testify is disqualifying. Tyson "has not established, in the affidavit or in its briefs, that [Kim] is prepared to testify." *Noval Williams Films LLC v. Branca*, 2018 WL 389092, at *3 (S.D.N.Y. Jan. 11, 2018) (quoting *Santos*, 243 F.3d at 684). Accordingly, Kim's declaration must be stricken in its entirety. *See, e.g.*, *Bouche v. City of Mount Vernon*, 2013 WL 322613, at *6 (S.D.N.Y. Jan. 28, 2013) (affidavits of witnesses who "would . . . not testify" were "inadmissible and may not be considered on summary judgment"); *Teachey v. Equinox Holdings, Inc.*, 2022 WL 1125279, at *1 n.1 (Apr. 14, 2022).

*Second*, even if the Kim Declaration is not stricken in its entirety, specific portions of the Kim Declaration should be stricken for lack of personal knowledge. *See* Fed. R. Civ. P. 56(c)(4); *Larouche v. Webster*, 175 F.R.D. 452, 455 (S.D.N.Y. 1996) ("Any portion of an affidavit that is not based on personal knowledge should be stricken."). Specifically, paragraph 12 and the statement in paragraph 14 that, ███████████████████████████████ should be stricken.

These statements are not plausibly based on Kim's personal knowledge. Kim's involvement with ███████████████████████████████ was limited to attending a single meeting, *see* Ex. 7 (TYSON_00122484), to which Kim was only in attendance because ███████████████████████████████. Ex. 8 (TYSON_00000291). The Kim Declaration cannot be based on any knowledge he may have gleaned at this meeting, which was held in January 2019—five months out from the end of the seven-month Sales Measurement Period.

Kim's lack of knowledge is also demonstrated by his comparative absence from the record. Tyson has failed to produce even a *single* email from Kim from during the Sales Measurement Period. There is likewise no evidence that Kim engaged with the people at Tyson actually responsible for the ██████████ relationship during the Sales Measurement Period. For example, CK Lee, a senior executive at Tyson who oversaw the Korean Business at the end of the Sales Measurement Period and had direct correspondence with ██████████, testified that ███████████████████████████████. Ex. 9 (Lee Tr.) at 24:6–13, 148:10–149:2, 150:4–10.

2

This conclusion is buttressed by the fact these statements in the Kim Declaration are implausible and contradict the extensive documentary record. While the Kim Declaration states that ███ contemporaneous documents from the Sales Measurement Period clearly show that ███. *See, e.g.*, Ex. 10 (TYSON_00073358) at 358; Ex. 11 (TYSON_00142761) at 763. Further, despite Tyson's failure to fulfill these conditions, contemporaneous documents show that ███. *See, e.g.*, Ex. 12 (TYSON_00265611) at 611; Ex. 13 (TYSON_00006554) at 554; Ex. [14 (TYSON_00022078) at 078; Ex. 15 (TYSON_00008607) at 607. Finally, while the Kim Declaration ties ███ Ex. 16 (TYSON_00196449). As Kim himself acknowledges, the prosecution ███. Ex. 1 ¶ 12.

Kim has failed to demonstrate personal knowledge of the facts underlying his claim that ███ would not purchase product from the Korean Business in 2019. Those portions of his declaration must be rejected. *Patton Boggs LLP v. Chevron Corp.*, 2014 WL 1284981, at *1 (S.D.N.Y. Mar. 31, 2014) (rejecting declaration of "general counsel" who had "not demonstrated personal knowledge" of underlying facts); *see also Portside Growth & Opportunity Fund v. Gigabeam Corp.*, 557 F. Supp. 2d 427, 431 n.16 (S.D.N.Y. 2008) (rejecting affidavit of "corporate attorney" who had "no personal knowledge").[2]

Accordingly, Defendants respectfully request a conference to address Defendants' anticipated motion to strike the Kim Declaration. However, if the Court is amenable, Defendants are prepared to rest their argument on this pre-motion letter, without need for subsequent briefing.

Respectfully submitted,

*Blair Adams*

Blair A. Adams

---

[2] Kim's formulaic statement that ███ Ex. 1 ¶ 3, is irrelevant, as personal knowledge "cannot be demonstrated by mere incantation." *In re Livent, Inc. Noteholders Sec. Litig.*, 355 F. Supp. 2d 722, 734 n.11 (S.D.N.Y. 2005).