**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7615**

WRITER'S EMAIL ADDRESS
**blairadams@quinnemanuel.com**

March 5, 2024

<u>VIA ECF</u>

The Honorable Andrew L. Carter, Jr., U.S.D.J.
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:   <u>No. 1:19-cv-10125 (ALC)</u>, *Tyson Foods, Inc. v. Keystone Foods Holdings Limited et al.*
Request for Pre-Motion Conference Regarding Defendants' Motion to Strike

Dear Judge Carter:

We write as counsel to Defendants Keystone Foods Holdings Limited (n/k/a Beef Holdings Limited) and Marfrig Global Foods S.A. to request a pre-motion conference addressing Defendants' anticipated motion to strike Tyson Foods, Inc.'s ("<u>Tyson</u>") Cross-Motion for Partial Summary Judgment, filed on February 6, 2024. ECF No. 241. Defendants are prepared to rest on the arguments presented in this pre-motion letter and forego formal briefing on the proposed motion. Defendants will, of course, submit formal briefing if the Court prefers.

The Court's Individual Practices require a pre-motion letter be filed before filing a motion for summary judgment. *See* Individual Practice § 2(A). Pursuant to the Court's April 21, 2023 Stipulation and Amended Civil Case Management Plan and Scheduling Order, the Court ordered that "any request for permission to Judge Carter to make a summary-judgment motion . . . be filed by **August 25, 2023**, and any responses to such request . . . be filed by **August 30, 2023**." ECF No. 177. Consistent with the April 21, 2023 Order, on August 25, 2023, both Tyson and Defendants filed pre-motion letters with respect to anticipated motions for partial summary judgment. Defendants' pre-motion letter requested a pre-motion conference with respect to an anticipated motion for partial summary judgment on Defendants' Fifth Affirmative Defense (the "<u>Material Breach Defense</u>"). ECF No. 190. The Material Breach Defense pleaded in Defendants' Answer to the Amended Complaint states that "Tyson's breach of contract claims are barred . . . because Tyson has materially breached the SPA." ECF No. 147. Tyson also filed a pre-motion letter on August 25, 2023, ECF No. 191, but did not seek summary judgment on Defendants' Material Breach Defense. Tyson's response to Defendants' pre-motion letter, ECF No. 195, also did not request leave to file a cross-motion on Defendants' Material Breach Defense.

When the parties moved for partial summary judgment on December 1, 2023, they moved on the points raised in their pre-motion letters: as relevant here, Defendants moved for summary judgment on the Material Breach Defense and Tyson did not.

Not until February 6, 2024, months after the deadline to move for summary judgment, and the last day to file opposition papers, did Tyson first inform Defendants it intended to cross-move for summary judgment on the Material Breach Defense. Tyson filed its cross-motion later that day. This cross-motion violates the Court's Individual Practices, the agreements between the parties, and the Court's various scheduling orders with respect to the filing of summary-judgment motions in this case. There is no excuse for Tyson's failure to raise its cross-motion for summary judgment before February 6, 2024. Defendants' Material Breach Defense has been known to Tyson since Defendants filed their answer to the initial complaint on December 12, 2019. ECF No. 36 at 68 (Seventh Affirmative Defense). As Tyson has repeatedly mentioned with respect to Defendants' Motion for Partial Summary Judgment, *see, e.g.*, ECF No. 247, at 2, Defendants' Material Breach Defense has been the subject of filings with the Court on multiple occasions throughout this litigation, and thus has been consistently known to Tyson. Indeed, Tyson moved to strike the Material Breach Defense, ECF No. 107, which was denied by the Court, ECF No. 150. Even after Defendants filed their pre-motion letter, raising that they intended to file a motion for partial summary judgment with respect to the Material Breach Defense, Tyson took no action to include the Material Breach Defense among the issues it intended to include in its summary-judgment motion or to seek leave to cross-move in its August 2023 response to Defendants' pre-motion letter.

If Tyson had followed this Court's Individual Practices or the parties' agreed-upon schedule for motions for summary judgment, the parties could have agreed to an efficient and fair briefing schedule. Instead, it appears Tyson has engaged in gamesmanship by attempting to use a surprise cross-motion never mentioned in its pre-motion letters to manipulate the briefing schedule and get the last word on Defendants' Material Breach Defense. Indeed, Tyson's notice of cross-motion seeks to re-start briefing on the issue alone, stating that "the parties will meet and confer regarding the timing of any opposing affidavits and answering memoranda of law and any reply affidavits and reply memoranda of law." ECF No. 241.

Tyson was required to raise its anticipated cross-motion for summary judgment on Defendants' Material Breach Defense in the August 25, 2023 pre-motion letter, along with all the other arguments presented by the parties on their competing summary-judgment motions. At the very least, Tyson was required to raise any self-styled "cross-motion" in response to Defendants' pre-motion letter. Indeed, orderly motion practice is one of the leading benefits of the pre-motion letter process. Having failed to raise an anticipated cross-motion when it was supposed to do so, Tyson's late attempt to get the last word should be rejected. Defendants respectfully request the Court grant its motion to strike Tyson's Cross-Motion for Partial Summary Judgment.

Respectfully submitted,

*Blair Adams*

Blair A. Adams