**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

March 5, 2024

<span style="text-align:right">WRITER'S DIRECT DIAL NO.<br>**(212) 849-7615**</span>

**VIA ECF**

The Honorable Andrew L. Carter, Jr., U.S.D.J.
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

WRITER'S EMAIL ADDRESS
**blairadams@quinnemanuel.com**

Re:   No. 1:19-cv-10125 (ALC), *Tyson Foods, Inc. v. Keystone Foods Holdings Limited, et al.*
      Request for Pre-Motion Conference Regarding Defendants' Motion to Strike

Dear Judge Carter:

We write as counsel to Defendants Keystone Foods Holdings Limited (n/k/a Beef Holdings Limited) and Marfrig Global Foods S.A. in further support of Defendants' Pre-Motion Letter of February 6, 2024, ECF No. 250, regarding Defendants' anticipated motion to strike the Declaration of Churl Kim, dated May 16, 2022 (the "Kim Declaration"). Ex. 1 (TYSON_00243188).

Tyson cannot dispute the bedrock legal requirement—reflected in binding Second Circuit precedent—that a summary-judgment declarant make an "implicit or explicit showing" that he is "prepared to testify in a manner consistent with" his declaration. *Santos v. Murdock*, 243 F.3d 681, 684 (2d Cir. 2001). Instead, Tyson obfuscates with an eighty-year old case whose holding is already reflected in *Santos*'s rule. *See* ECF No. 268, at 2 (quoting *Banco de Espana v. Fed. Reserve Bank of N.Y.*, 114 F.2d 438, 445 (2d Cir. 1940)); *Santos*, 243 F.3d at 684 (discussing *Banco de Espana*).

Tyson's response letter misstates the law. In most cases—including all of Tyson's other declarations—the declarant makes an *explicit* statement that he is willing to testify. In other cases, like *Banco de Espana*, the declarant makes an *implicit* showing that he is willing to testify. *Santos*, 243 F.3d at 684 (explaining that in *Banco de Espana*, "other circumstances indicate[d] that the affiant … would testify at trial"). By contrast, in this case, Kim has made an *explicit* showing that ███████████████████. *See* ECF No. 250, at 1-2; *see also, e.g.*, ECF No. 250-3 (TYSON_00244538) at 538 (confirming that "███████████████████████████████████████████████████████████████████████" (emphasis added)); ECF No. 250-6 ¶ 3 (████████████████████████████████████████ ██████████████████).

Given this uncontested evidence, Tyson "has not established … that [Kim] is prepared to testify." *Noval Williams Films LLC v. Branca*, 2018 WL 389092, at *3 (S.D.N.Y. Jan. 11, 2018).

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

Tyson's attempt to distinguish *Noval* on the basis that the affiant "stated he would not be involved at trial," ECF No. 268, at 2, thus falls flat—Kim has made clear through his words and actions that ██████████████████████. Tyson's focus on other immaterial factual distinctions misses the point. Rather, each case illustrates a bedrock legal principle that Tyson does not dispute: a declaration is inadmissible when extrinsic evidence gives a strong indication that the declarant will not testify at trial to the matters therein. All evidence suggests Kim ████████████████, as a result, his declaration must be stricken.[1]

Tyson lacks any basis to suggest that Defendants should have somehow taken preemptive action in response to the Declaration before it is filed. Tyson filed the Kim Declaration for the first time in this action as an exhibit in support of its motion for partial summary judgment. Defendants acted at the first available opportunity to move to strike the affidavit, which authority confirms is the correct procedure. *See, e.g.*, WRIGHT & MILLER, 10B FEDERAL PRACTICE AND PROCEDURE § 2738 & n.45 (observing that "a party must move to strike an affidavit that violates Rule 56(c)(4)" and collecting cases).[2]

Tyson's responses to Defendants' other objection—that Kim does not have personal knowledge of the matters in his declaration—are also meritless. In the interest of brevity, Defendants do not respond in detail, but respectfully refer the Court to Defendants' February 6, 2024 Letter, ECF No. 250, which clearly establishes that Kim was not in a position to know about ██████████████ decision to purchase from the Korean Business in 2019.

Respectfully submitted,

*Blair Adams*

Blair A. Adams

---

[1]   Tyson's response letter cites a host of other irrelevant cases. While the rules for admissibility on summary judgment are different than at trial, *see* ECF No. 268, at 2, showing that the declarant is prepared to testify is required for admissibility *at summary judgment*. None of Tyson's cases addresses Rule 56's requirements, and none addresses the situation where extrinsic evidence gives a strong indication that a witness will not testify at trial. *See Vega v. Broome Cnty.*, 2023 WL 6318919, at *12 n.10 (N.D.N.Y. Sept. 28, 2023) (hearsay objection); *Parker v. Mandarich Law Grp., LLP*, 2021 WL 2351177, at *16 n.10 (E.D.N.Y. June 9, 2021) (same); *Ava Realty Ithaca, LLC v. Griffin*, 2021 WL 3848478, at *5 (N.D.N.Y. Aug. 26, 2021) (objection as to form of evidence).

[2]   None of Tyson's cases cited in support of its procedural arguments have anything to do with objections under Rule 56 to a declarant's lack of personal knowledge or unwillingness to testify. Most deal with objections about late disclosure of witnesses, *e.g.*, *"AMY" v. Curtis*, 2021 WL 1391463, at *6 (N.D. Cal. Apr. 13, 2021); *Davenport v. Charter Commc'ns*, 302 F.R.D. 520, 527 (E.D. Mo. 2014); *Welch Allyn, Inc. v. OBP Corp.*, 2016 WL 6810989, at *7 (N.D.N.Y. Mar. 31, 2016). Others are even further afield. *See Common Cause/N.Y. v. Brehm*, 432 F. Supp. 3d 285, 288 n.1 (S.D.N.Y. 2020) (hearsay objection at trial); *Rawal v. United Airlines, Inc.*, 2008 WL 4890169, at *4 n.2 (N.D. Ill. Nov. 12, 2008) (plaintiff's objection was that "he was not able to depose [declarant]").